**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RICHARD ANTHONY THOMPSON,**

              **Plaintiff,**        **7:10-cv-1085
                                                     (GLS\ATB)**

      **v.**

**MICHAEL J. ASTRUE,** Commissioner
of Social Security,

              **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Conboy, McKay Law Firm<br>307 State Street<br>Carthage, NY 13619 | LAWRENCE D. HASSELER,<br>ESQ. |
| **FOR THE DEFENDANT:**<br>STEPHEN P. CONTE<br>Regional Chief Counsel<br>Social Security Administration<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | DENNIS J. CANNING<br>SOMMATTIE RAMRUP<br>Special Asst. U.S. Attorneys |

**Gary L. Sharpe
District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Richard Anthony Thompson challenges the Commissioner of

Social Security's denial of disability insurance benefits (DIB), seeking review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (*See* Compl., Dkt. No. 1.) In a Report-Recommendation (R&R) filed August 18, 2011, Magistrate Judge Andrew T. Baxter recommended that the Commissioner's decision be affirmed and Thompson's complaint be dismissed.[1] (Dkt. No. 15.) Pending are Thompson's objections to the R&R. (Dkt. No. 16.) Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the R&R in its entirety.

## II. Background[2]

On March 4, 2008, Thompson filed an application for DIB under the Social Security Act (SSA). (*See* R&R at 1, Dkt. No. 15.) After his application was denied, Thompson requested a hearing before an Administrative Law Judge (ALJ), which was held on December 29, 2009. (*See id.* at 2.) On January 28, 2010, the ALJ issued a decision denying the requested benefits after determining that Thompson was not disabled. (*See id.* at 1-2.) Upon appeal of the ALJ's decision, the Appeals Council

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed. (*See* Dkt. No. 15.)

[2] The court incorporates the factual recitations of the parties and Judge Baxter. (*See* Dkt. Nos. 11, 14, 15; *see also* Admin. Tr., Dkt. No. 9.)

2

denied Thompson's request for review.  (*See id.*)

Thompson commenced the present action by filing a complaint on September 10, 2010, seeking judicial review of the Commissioner's determination.  (*See* Dkt. No. 1.)  After receiving the parties' briefs, Judge Baxter issued an R&R recommending dismissal of Thompson's complaint.  (*See generally* R&R, Dkt. No. 15.)  In response, Thompson filed objections to the R&R.  (*See* Dkt. No. 16.)

### III.  **Standard of Review**

By statute and rule, district courts are authorized to refer social security petitions to magistrate judges for proposed findings and recommendations regarding disposition.  *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18.  Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge.  If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo.  See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been

3

filed, this court reviews the findings and recommendations of a magistrate judge for clear error. *See id.*

## IV. Objections

Thompson raises two specific objections to the R&R, which the court will review *de novo.* The remainder of the R&R will be reviewed for clear error.

### A. Dr. Narangoda's 2009 form-report

Thompson objects to Judge Baxter's conclusion that the ALJ was correct when he did not afford "significant weight" to the "medical assessment and residual functional evaluation report from attending physician Dr. Sagarika Narangoda . . . because it [was] inconsistent with her own treatment notes and the medical record in general." (*See* Dkt. No. 16 at 2.) This objection is without merit.

Normally the commissioner is required to give controlling weight to a treating physician's medical opinions if they are supported by acceptable diagnostic techniques and *are not inconsistent with other substantial evidence in the record. See, e.g., Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). However, the "ultimate finding of whether a claimant is disabled and cannot work . . . [is] reserved to the Commissioner." *Snell v.*

4

*Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (quotation marks and citation omitted). "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions as to whether those data indicate disability." *Id.* Thus, a treating physician's disability assessment is not determinative. *See id.*; *see also* 20 C.F.R. § 404.1527(e).

As articulated in Judge Baxter's report, Dr. Narangoda's 2009 form-report—"written just two weeks before [Thompson's] hearing with the ALJ, over one year after [Thompson] initially applied for disability benefits, and over one year after [Thompson's] insured status expired"—was wholly inconsistent with the other medical evidence, including her eleven previous reports and the reports of Drs. Shapiro, Morog, Kishore, Sudeall and Shalfai. (*See* R&R at 16-21; Dkt. No. 15.) Despite Thompson's arguments to the contrary, the court agrees that Dr. Narangoda's "conclusory statement" is "inconsistent with other substantial evidence in the record" and thus, deserves "no weight." (*See id.* at 21; Dkt. No. 16 at 2-6); *Halloran*, 362 F.3d at 32. Accordingly, Judge Baxter's recommendation to affirm the ALJ's finding regarding the weight afforded to Dr. Narangoda's 2009 form-report is adopted.

5

**B.     Commissioner's failure to develop the record**

Thompson next contends—albeit in a cursory fashion—that the ALJ failed to adequately develop the record when he did not directly question Dr. Narangoda about the inconsistency in her reports.  (*See* Dkt. No. 16 at 5.)  This argument is also without merit.

While Thompson is correct in stating that "the ALJ . . . has an affirmative obligation to develop the administrative record," *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996), it is also true that this obligation is not limitless.  Indeed, where the evidence received by the ALJ is consistent and sufficient to determine whether a claimant is disabled, further development of the record is unnecessary, and the ALJ may "make [his] determination or decision based on that evidence."  20 C.F.R. § 404.1527(c)(1); *see also id.* § 404.1527(c)(2) (providing that even if the record evidence is inconsistent, further record development is not required if, after weighing all the evidence, a disability determination can be made).

Here, the court is satisfied that further development of the record was unnecessary.  With the sole exception of Dr. Narangoda's December 2009 form-report, the ALJ had before him substantial, consistent evidence that enabled him to render a decision.  (*See* R&R at 16-21; Dkt. No. 15.)  As

6

such, the court concludes that the ALJ was not required to further develop the record and affirms his decision on this ground as well.

## V. Conclusion

Having addressed Thompson's specific objections *de novo*, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Baxter's R&R in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Thompson's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 26, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge

7